1  RONALD J. TENPAS
   Assistant Attorney General
2  Environment & Natural Resources Division
   JEAN WILLIAMS, Chief
3  LISA L. RUSSELL,  Assistant Chief
   ROBERT P. WILLIAMS, Trial Attorney
4  U.S. Department of Justice
   Environment & Natural Resources Division
5  Wildlife & Marine Resources Section
   Ben Franklin Station, P.O. Box 7369
6  Washington, D.C. 20044-7369
   Telephone: (202) 305-0206
7  Facsimile: (202) 305-0275
   robert.p.williams@usdoj.gov
8
   *Attorneys for Federal Defendants*
9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12  CENTER FOR BIOLOGICAL DIVERSITY,     )
    LOS PADRES FOREST WATCH, SIERRA      )   Civ. No. 3:08-cv-01278-MHP
13  CLUB, DEFENDERS OF WILDLIFE, and     )
    CALIFORNIA NATIVE PLANT SOCIETY,     )   **DEFENDANTS' ANSWER TO**
14                                       )   **COMPLAINT**
              Plaintiffs,                )
15                                       )
          v.                             )
16                                       )
    U.S. FISH AND WILDLIFE SERVICE,      )
17  NATIONAL OCEANIC AND                 )
    ATMOSPHERIC ADMINISTRATION,          )
18  NATIONAL MARINE FISHERIES SERVICE,   )
    and U.S. FOREST SERVICE,             )
19                                       )
              Defendants.                )
20  _____  )

21

22       Defendants U.S. Fish and Wildlife Service ("FWS"), National Oceanic and Atmospheric

23  Administration and its designee, the National Marine Fisheries Service (hereinafter referred to as

24  "NMFS")), and U.S. Forest Service (collectively "Federal Defendants"), by and through their

25  undersigned counsel, answer Plaintiffs' Complaint as follows:

26                             **INTRODUCTION**

27     1.  The allegations contained in Paragraph 1 purport to characterize the nature of Plaintiffs'

28

*Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
Fed. Defs' Answer to Compl.

1    lawsuit, and no response is required. To the extent a response is required, Federal Defendants

2    deny that Plaintiffs are entitled to declaratory, injunctive, or any other relief.

3        2.   The allegations contained in Paragraph 2 purport to characterize the nature of Plaintiffs'

4    lawsuit, and no response is required. To the extent a response is required, Federal Defendants

5    deny that Plaintiffs are entitled to declaratory, injunctive, or any other relief.

6                                    **JURISDICTION**

7        3.   The allegations contained in Paragraph 3 constitute conclusions of law to which no

8    response is required.

9                     **VENUE AND INTRADISTRICT ASSIGNMENT**

10       4.   The allegations contained in the first, sixth, and seventh sentences of Paragraph 4

11   constitute conclusions of law to which no response is required. Federal Defendants lack

12   sufficient information to form a belief as to the truth of the allegations contained in the second,

13   third, and fourth sentences of Paragraph 4, and on that basis deny them. With respect to the

14   allegations contained in the fifth sentence, Federal Defendants: (1) deny that any FWS offices

15   located within this judicial District were involved in the actions challenged in this case; (2) admit

16   that the Los Padres National Forest has a ranger district office located within this judicial

17   District; and (3) deny that NMFS has offices located within this judicial District that were

18   involved in the actions challenged in this case.

19                                      **PARTIES**

20       5.   Federal Defendants lack sufficient information to form a belief as to the truth of the

21   allegations contained in the first, second, and third sentences of Paragraph 5, and on that basis

22   deny them. With regard to the allegations in the fourth sentence, Federal Defendants aver that

23   the phrase "significantly involved" is vague and ambiguous and on that basis Federal Defendants

24   deny the allegation. Federal Defendants admit that the Center for Biological Diversity submitted

25   comments at all phases for the land management plan revision process and has submitted

26   comments on projects such as range allotment permit issuance, route designation, and fuels

27   management projects.

28

*Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
Fed. Defs' Answer to Compl.                    2

1    6.   Federal Defendants lack sufficient information to form a belief as to the truth of the

2    allegations contained in the Paragraph 6, and on that basis deny them.

3    7.   Federal Defendants lack sufficient information to form a belief as to the truth of the

4    allegations contained in the Paragraph 7, and on that basis deny them.

5    8.   Federal Defendants lack sufficient information to form a belief as to the truth of the

6    allegations contained in the Paragraph 8, and on that basis deny them.

7    9.   Federal Defendants lack sufficient information to form a belief as to the truth of the

8    allegations contained in the Paragraph 9, and on that basis deny them.

9    10. Federal Defendants lack sufficient information to form a belief as to the truth of the

10   allegations contained in the Paragraph 10, and on that basis deny them.

11   11. Federal Defendants lack sufficient information to form a belief as to the truth of the

12   allegations contained in the Paragraph 11, and on that basis deny them.

13   12. Federal Defendants lack sufficient information to form a belief as to the truth of the

14   allegations contained in the Paragraph 12, and on that basis deny them.

15   13. Federal Defendants lack sufficient information to form a belief as to the truth of the

16   allegations contained in the Paragraph 13, and on that basis deny them.

17   14. The allegations contained in Paragraph 14 constitute conclusions of law to which no

18   response is required.  To the extent a response is required, Federal Defendants deny that

19   Plaintiffs have suffered a legally cognizable injury and/or are entitled to declaratory, injunctive,

20   or any other relief.

21   15. Federal Defendants admit the allegations contained in the first sentence of Paragraph 15.

22   The allegations contained in the second sentence constitute conclusions of law to which no

23   response is required.

24   16. Federal Defendants admit the allegations contained in the first sentence of Paragraph 16.

25   The allegations contained in the second sentence constitute conclusions of law to which no

26   response is required.

27   17. Federal Defendants admit the allegations contained in the first sentence of Paragraph 17.

28

1   The allegations contained in the second sentence constitute conclusions of law to which no

2   response is required.

3   **THE ENDANGERED SPECIES ACT**

4      18. The allegations contained in Paragraph 18 purport to quote from, and characterize the

5   contents of *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 180 (1978), and the Endangered

6   Species Act ("ESA"), documents that speak for themselves and constitute the best evidence of

7   their contents.  Federal Defendants deny any allegation contrary to the documents' plain

8   language or meaning.

9      19. The allegations contained in Paragraph 19 purport to quote from, and characterize the

10   contents of the ESA, which speaks for itself and constitutes the best evidence of its contents.

11   Federal Defendants deny any allegation contrary to the statute's plain language or meaning.

12      20. The allegations contained in Paragraph 20 purport to quote from, and characterize the

13   contents of the ESA, which speaks for itself and constitutes the best evidence of its contents.

14   Federal Defendants deny any allegation contrary to the statute's plain language or meaning.

15      21. The allegations contained in Paragraph 21 purport to quote from, and characterize the

16   contents of the ESA and its implementing regulations, which speak for themselves and constitute

17   the best evidence of their contents.  Federal Defendants deny any allegation contrary to the

18   statute's or the regulations' plain language or meaning.

19      22. The allegations contained in Paragraph 22 purport to quote from, and characterize the

20   contents of the ESA and its implementing regulations, which speak for themselves and constitute

21   the best evidence of their contents.  Federal Defendants deny any allegation contrary to the

22   statute's or the regulations' plain language or meaning.

23      23. The allegations contained in Paragraph 23 purport to quote from, and characterize the

24   contents of the ESA and its implementing regulations, which speak for themselves and constitute

25   the best evidence of their contents.  Federal Defendants deny any allegation contrary to the

26   statute's or the regulations' plain language or meaning.

27      24. The allegations contained in Paragraph 24 purport to quote from, and characterize the

28

*Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
Fed. Defs' Answer to Compl.        4

1  contents of the ESA and its implementing regulations, which speak for themselves and constitute

2  the best evidence of their contents.  Federal Defendants deny any allegation contrary to the

3  statute's or the regulations' plain language or meaning.

4      25. The allegations contained in Paragraph 25 purport to characterize the contents of the

5  ESA's implementing regulations, which speak for themselves and constitute the best evidence of

6  their contents.  Federal Defendants deny any allegation contrary to the regulations' plain

7  language or meaning.

8      26. The allegations contained in Paragraph 26 purport to characterize the contents of the

9  ESA's implementing regulations, which speak for themselves and constitute the best evidence of

10  their contents.  Federal Defendants deny any allegation contrary to the regulations' plain

11  language or meaning.

12      27. The allegations contained in Paragraph 27 purport to quote from, and characterize the

13  contents of the ESA and its implementing regulations, which speak for themselves and constitute

14  the best evidence of their contents.  Federal Defendants deny any allegation contrary to the

15  statute's or the regulations' plain language or meaning.

16      28. The allegations contained in Paragraph 28 purport to quote from, and characterize the

17  contents of the ESA and its implementing regulations, which speak for themselves and constitute

18  the best evidence of their contents.  Federal Defendants deny any allegation contrary to the

19  statute's or the regulations' plain language or meaning.

20              **SUMMARY OF FACTS AND GENERAL ALLEGATIONS**

21  I.   The Four Southern California National Forests

22      29. With respect to the allegations in the first sentence of Paragraph 29, Federal Defendants

23  admit that the four National Forests of southern California include approximately 3,500,000

24  acres of public land extending from Big Sur to near the Mexican border.  Federal Defendants

25  aver that the phrase "some of the nation's most popular" in the second sentence of Paragraph 29

26  is vague and ambiguous and on that basis Federal Defendants deny the allegation.  Federal

27  Defendants admit that the four National Forests are used by the public to hike, camp, picnic, fish,

28

*Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
Fed. Defs' Answer to Compl.                    5

1    hunt, bird-watch, rock-climb, mountain bike, horseback ride and engage in a number of other

2    nature-based activities. The level and types of use on these forests has been documented in the

3    National Visitor Use Monitoring program discussed on page 247 of Volume 1 of the Final

4    Environmental Impact Statement ("FEIS") for the land management plan ("LMP") and detailed

5    in appendix L, pages 369-372 of Volume 2 of the LMP revision FEIS.

6        30. With respect to the allegations contained in the first sentence of Paragraph 30, Federal

7    Defendants admit that the National Forests are used for hiking on the 2,269 miles of hiking trails

8    and that fishing is popular where it is available (opportunities decrease from north to south).

9    Federal Defendants deny the allegation contained in the second sentence that the forest

10   campgrounds "are typically full throughout the summer."

11       31. Federal Defendants admit the allegations contained in Paragraph 31.

12       32. Federal Defendants admit the allegations contained in the first sentence of Paragraph 32.

13   Federal Defendants deny the allegation in the second sentence that there are 25 global

14   biodiversity hotspots and aver that there are 34 such areas globally.  Federal Defendants deny the

15   allegations in the third sentence and aver that the 34 biodiversity hotspots cover 2.3% of the

16   Earth's land surface and hold at least 15,000 plant species as endemics, 50 percent of the world's

17   total, and overall hold 77% of the world's total terrestrial vertebrate species.

18       33. With respect to the allegations contained in Paragraph 33, Federal Defendants aver that

19   the term "biological hotspot" is vague and ambiguous, and on that basis Federal Defendants

20   deny the allegations.

21       34. Federal Defendants lack sufficient information to form a belief as to the truth of the

22   allegations contained in the Paragraph 34, and on that basis deny them.

23       35. With respect to the allegations contained in Paragraph 35, Federal Defendants aver that

24   the terms "critical" and "integral" in Paragraph 35 are vague and ambiguous and on that basis

25   Federal Defendants deny the allegations.  Federal Defendants aver that the four National Forests

26   provide a source of water for consumption, agriculture, and industry for many communities in

27   southern California, however even with a high level of use of water from National Forest Service

28

1   lands, the region has to import the majority of its water.

2       36. With respect to the allegations contained in Paragraph 36, Federal Defendants aver that

3   the phrase "increased pressure" is vague and ambiguous and on that basis Federal Defendants

4   deny the allegation.  Federal Defendants admit that, based on trends in off-highway vehicles

5   ("OHV") use as described in the FEIS, Volume 1, page 286-287, the Forests expect demand to

6   continue to grow.

7       37. Federal Defendants admit that the allegations contained in Paragraph 37 accurately

8   characterize the description of the proposed action submitted to the Fish and Wildlife Service for

9   consultation on December 15, 2000.  Federal Defendants aver that there was a considerable

10  effort to improve the inventory as part of the Road Analysis Process in the Forest Plan revision

11  and more improvement for the route designation process updates to the INFRA travel routes

12  database.

13      38. Federal Defendants admit that the allegations contained in Paragraph 38 accurately

14  characterize the description of the proposed action submitted to the Fish and Wildlife Service for

15  consultation on December 15, 2000.  Federal Defendants aver that there was a considerable

16  effort to improve the inventory as part of the Road Analysis Process in the Forest Plan revision

17  and more improvement for the route designation process updates to the INFRA travel routes

18  database.

19      39. Federal Defendants admit that the allegations contained in Paragraph 39 accurately

20  characterize the description of the proposed action submitted to the Fish and Wildlife Service for

21  consultation on December 15, 2000.  Federal Defendants aver that several campgrounds have

22  been closed since then.

23      40. Federal Defendants deny the allegations contained in the first sentence of Paragraph 40

24  and aver that there are approximately 45 plant and animal species designated as threatened or

25  endangered under the ESA that occur on the four southern California national forests.  Federal

26  Defendants further aver that, in 2000, Federal Defendants consulted on 63 species thought to be

27  on or near the four forests at that time.  In 2005, Federal Defendants consulted on 47 species and

28

*Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
Fed. Defs' Answer to Compl.                 7

1   reached a "no effect" determination for an additional 15 species.  The allegations contained in

2   the second sentence of paragraph 40 are vague and ambiguous, and on that basis Federal

3   Defendants deny them.

4   II.   The Forest Plans for the Four Southern California Forests

5       41. Federal Defendants admit the allegations contained in the first sentence of Paragraph 41,

6   however Federal Defendants aver that the current acreage of the national forest system is 193

7   million acres. The remaining allegations contained in Paragraph 41 purport to quote from, and

8   characterize the contents of the National Forest Management Act ("NFMA"), which speaks for

9   itself and constitutes the best evidence of its contents.  Federal Defendants deny any allegation

10  contrary to the statute's plain language or meaning.

11      42. Federal Defendants deny the allegations contained in Paragraph 42 and aver that the

12  purpose of a land and resource management plan is to articulate the long-term vision and

13  strategic management direction for a national forest and to facilitate the development of

14  management activities that will contribute toward the realization of the forest's desired

15  conditions.

16      A.   The 1980s Forest Plans

17      43. Federal Defendants admit the allegations contained in Paragraph 43.

18      44. Federal Defendants deny the allegations contained in the first sentence of Paragraph 44

19  and aver that, in 1989, there were approximately 10 plant and animal species on the four

20  southern California national forests that were designated as threatened or endangered under the

21  ESA.  Federal Defendants deny the allegations contained in the second sentence and aver that

22  there are approximately 45 plant and animal species designated as threatened or endangered

23  under the ESA that occur on the four southern California national forests.  Federal Defendants

24  further aver that, in 2000, Federal Defendants consulted on 63 species thought to be on or near

25  the four forests at that time.  In 2005, Federal Defendants consulted on 47 species and reached a

26  "no effect" determination for an additional 15 species.

27      45. With respect to the allegations contained in Paragraph 45, Federal Defendants admit that,

28

1    on June 14, 1998, the Southwest Center for Biological Diversity (now Center for Biological

2    Diversity ("CBD")) filed a lawsuit against the four southern California national forests and that

3    on March 1, 2000, the Forest Service reached a settlement agreement with CBD to carry out

4    specific actions to protect listed and proposed species and habitat on the four southern California

5    national forests, as described in the Consultation History on page 2 of the Forest Service's

6    Biological Assessment on the 2005 Land Management Plans.

7        B.   Consultation on the 1980s Forest Plans, and the 2001 FWS Biological Opinion

8        46. With respect to the allegations contained in Paragraph 46, Federal Defendants admit that

9    the Forest Service initiated consultation on the four forest plans on January 30, 1999, and that on

10   February 27, 2001, the U.S. Fish and Wildlife Service issued a biological opinion on the effects

11   of the forest plans, as modified by the interim measures, as well as on some ongoing activities

12   such as road and trail use and maintenance, recreation activities, fuelbreak maintenance,

13   operation and maintenance of administrative facilities, and non-commercial collection of forest

14   products.

15       47. The allegations contained in Paragraph 47 purport to characterize the contents of a 2001

16   FWS Biological Opinion ("2001 FWS BiOp"), a document that speaks for itself and constitutes

17   the best evidence of its contents.  Federal Defendants deny any allegation contrary to the

18   biological opinion's plain language or meaning.

19       48. The allegations contained in Paragraph 48 purport to characterize the contents of the

20   2001 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

21   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

22   language or meaning.

23       49. The allegations contained in Paragraph 49 purport to characterize the contents of the

24   2001 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

25   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

26   language or meaning.

27       50. The allegations contained in Paragraph 50 purport to characterize the contents of the

28

1  2001 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

2  contents. Federal Defendants deny any allegation contrary to the biological opinion's plain

3  language or meaning.

4      51. The allegations contained in Paragraph 51 purport to characterize the contents of the

5  2001 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

6  contents. Federal Defendants deny any allegation contrary to the biological opinion's plain

7  language or meaning.

8      52. The allegations contained in Paragraph 51 purport to characterize the contents of the

9  2001 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

10 contents. Federal Defendants deny any allegation contrary to the biological opinion's plain

11 language or meaning.

12     C. The 2005 Revised Forest Plans

13     53. Federal Defendants admit the allegations contained in Paragraph 53 and aver that the

14 final Records of Decision for the revised forest plans were approved in April 2006.

15     54. The allegations contained in Paragraph 54 purport to characterize the contents of the

16 revised forest plans, which speak for themselves and constitute the best evidence of their

17 contents. Federal Defendants deny any allegation contrary to the forest plans' plain language or

18 meaning.

19     55. The allegations contained in Paragraph 55 purport to characterize the contents of the

20 revised forest plans, which speak for themselves and constitute the best evidence of their

21 contents. Federal Defendants deny any allegation contrary to the forest plans' plain language or

22 meaning.

23     56. The allegations contained in Paragraph 56 purport to characterize the contents of the

24 revised forest plans, which speak for themselves and constitute the best evidence of their

25 contents. Federal Defendants deny any allegation contrary to the forest plans' plain language or

26 meaning. Federal Defendants deny the allegations in the first sentence of Paragraph 56.

27

28

1    III.    The 2005 Biological Opinions on the Revised Forest Plans

2        A.  The 2005 FWS Biological Opinion

3        57. Federal Defendants admit the allegations contained in Paragraph 57.

4        58. The allegations contained in Paragraph 58 purport to characterize the contents of a 2005

5    FWS biological opinion ("2005 FWS BiOp"), a document that speaks for itself and constitutes

6    the best evidence of its contents.  Federal Defendants deny any allegation contrary to the

7    biological opinion's plain language or meaning.

8        59. The allegations contained in Paragraph 59 purport to characterize the contents of the

9    2005 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

10   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

11   language or meaning.

12       60. The allegations contained in Paragraph 60 purport to characterize the contents of the

13   2005 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

14   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

15   language or meaning.

16       61. The allegations contained in Paragraph 61 purport to characterize the contents of the

17   2005 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

18   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

19   language or meaning.

20       62. The allegations contained in Paragraph 62 purport to characterize the contents of the

21   2005 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

22   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

23   language or meaning.

24       63. The allegations contained in Paragraph 63 purport to characterize the contents of the

25   2005 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

26   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

27   language or meaning.

28

1      64. The allegations contained in Paragraph 64 purport to characterize the contents of the

2   2005 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

3   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

4   language or meaning.

5      65. The allegations contained in Paragraph 65 purport to characterize the contents of the

6   2005 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

7   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

8   language or meaning.

9      66. The allegations contained in Paragraph 66 purport to characterize the contents of the

10  2005 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

11  contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

12  language or meaning.

13     67. The allegations contained in Paragraph 67 purport to characterize the contents of the

14  2005 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

15  contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

16  language or meaning.

17     68. The allegations contained in Paragraph 68 purport to characterize the contents of the

18  2005 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

19  contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

20  language or meaning.

21     69. The allegations contained in Paragraph 69 purport to characterize the contents of the

22  2005 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

23  contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

24  language or meaning.

25     70. The allegations contained in Paragraph 70 purport to characterize the contents of the

26  2005 FWS BiOp, a document that speaks for itself and constitutes the best evidence of its

27  contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

28

1    language or meaning.

2        B.    The 2005 NMFS Biological Opinion

3        71. Federal Defendants admit the allegations contained in Paragraph 71.

4        72. The allegations contained in Paragraph 72 purport to characterize the contents of a

5    biological opinion, dated September 16, 2005, submitted to the Forest Service on the revised

6    forest plans for the Los Padres and Cleveland National Forests ("2005 NMFS BiOp"), a

7    document that speaks for itself and constitutes the best evidence of its contents.  Federal

8    Defendants deny any allegation contrary to the biological opinion's plain language or meaning.

9        73. The allegations contained in Paragraph 73 purport to characterize the contents of the

10   2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

11   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

12   language or meaning.

13       74. The allegations contained in Paragraph 74 purport to characterize the contents of the

14   2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

15   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

16   language or meaning.

17       75. The allegations contained in Paragraph 75 purport to characterize the contents of the

18   2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

19   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

20   language or meaning.

21       76. The allegations contained in Paragraph 76 purport to characterize the contents of the

22   2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

23   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

24   language or meaning.

25       77. The allegations contained in Paragraph 77 purport to characterize the contents of the

26   2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

27   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

28

1    language or meaning.

2        78. The allegations contained in Paragraph 78 purport to characterize the contents of the

3    2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

4    contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

5    language or meaning.

6        79. The allegations contained in Paragraph 79 purport to characterize the contents of the

7    2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

8    contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

9    language or meaning.

10        80. The allegations contained in Paragraph 80 purport to characterize the contents of the

11    2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

12    contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

13    language or meaning.

14        81. The allegations contained in Paragraph 81 purport to characterize the contents of the

15    2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

16    contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

17    language or meaning.

18        82. The allegations contained in Paragraph 82 purport to characterize the contents of the

19    2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

20    contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

21    language or meaning.

22        83. The allegations contained in Paragraph 83 purport to characterize the contents of the

23    2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

24    contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

25    language or meaning.

26        84. The allegations contained in Paragraph 84 purport to characterize the contents of the

27    2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

28

*Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
Fed. Defs' Answer to Compl.                    14

1  contents. Federal Defendants deny any allegation contrary to the biological opinion's plain

2  language or meaning.

3      85. The allegations contained in Paragraph 85 purport to characterize the contents of the

4  2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

5  contents. Federal Defendants deny any allegation contrary to the biological opinion's plain

6  language or meaning.

7      86. The allegations contained in Paragraph 86 purport to characterize the contents of the

8  2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

9  contents. Federal Defendants deny any allegation contrary to the biological opinion's plain

10  language or meaning.

11     87. The allegations contained in Paragraph 87 purport to characterize the contents of the

12  2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

13  contents. Federal Defendants deny any allegation contrary to the biological opinion's plain

14  language or meaning.

15     88. The allegations contained in Paragraph 88 purport to characterize the contents of the

16  2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

17  contents. Federal Defendants deny any allegation contrary to the biological opinion's plain

18  language or meaning.

19     89. The allegations contained in Paragraph 89 purport to characterize the contents of the

20  2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

21  contents. Federal Defendants deny any allegation contrary to the biological opinion's plain

22  language or meaning.

23     90. The allegations contained in Paragraph 90 purport to characterize the contents of the

24  2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

25  contents. Federal Defendants deny any allegation contrary to the biological opinion's plain

26  language or meaning.

27     91. The allegations contained in Paragraph 91 purport to characterize the contents of the

28

1    2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

2    contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

3    language or meaning.

4        92. The allegations contained in Paragraph 92 purport to characterize the contents of the

5    2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

6    contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

7    language or meaning.

8        93. The allegations contained in Paragraph 93 purport to characterize the contents of the

9    2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

10   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

11   language or meaning.

12       94. The allegations contained in Paragraph 94 purport to characterize the contents of the

13   2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

14   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

15   language or meaning.

16       95. The allegations contained in Paragraph 95 purport to characterize the contents of the

17   2005 NMFS BiOp, a document that speaks for itself and constitutes the best evidence of its

18   contents.  Federal Defendants deny any allegation contrary to the biological opinion's plain

19   language or meaning.

20                                    **FIRST CLAIM FOR RELIEF**

21       96. Federal Defendants hereby incorporate by reference all preceding paragraphs.

22       97. With respect to the allegations in the first sentence of Paragraph 97, Federal Defendants

23   admit that FWS completed and transmitted to the Forest Service its "Biological and Conference

24   Opinions on the Revised Land and Resource Management Plans for the Four Southern California

25   National Forests" on September 15, 2005.  The remaining allegations contained in Paragraph 97

26   purport to characterize the contents of the 2005 FWS BiOp, a document that speaks for itself and

27   constitutes the best evidence of its contents.  Federal Defendants deny any allegation contrary to

28

*Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
Fed. Defs' Answer to Compl.                    16

1  the biological opinion's plain language or meaning.

2      98. The allegations contained in Paragraph 98 constitute conclusions of law to which no

3  response is required.  To the extent a response is required, Federal Defendants deny the

4  allegations.

5      99. The allegations contained in Paragraph 99 constitute conclusions of law to which no

6  response is required.  To the extent a response is required, Federal Defendants deny the

7  allegations.

8      100.    The allegations contained in Paragraph 100 constitute conclusions of law to which no

9  response is required.  To the extent a response is required, Federal Defendants deny the

10  allegations.

11                    **SECOND CLAIM FOR RELIEF**

12      101.    Federal Defendants hereby incorporate by reference all preceding paragraphs.

13      102.    Federal Defendants admit the allegations contained in the first sentence

14  of Paragraph 102.  The remaining allegations contained in Paragraph 102 purport to characterize

15  the contents of the 2005 NMFS BiOp, a document that speaks for itself and constitutes the best

16  evidence of its contents.  Federal Defendants deny any allegation contrary to the biological

17  opinion's plain language or meaning.

18      103.    The allegations contained in Paragraph 103 constitute conclusions of law to which no

19  response is required.  To the extent a response is required, Federal Defendants deny the

20  allegations.

21      104.    The allegations contained in Paragraph 104 constitute conclusions of law to which no

22  response is required.  To the extent a response is required, Federal Defendants deny the

23  allegations.

24      105.    The allegations contained in Paragraph 105 constitute conclusions of law to which no

25  response is required.  To the extent a response is required, Federal Defendants deny the

26  allegations.

27

28

1                          **THIRD CLAIM FOR RELIEF**

2          106.    Federal Defendants hereby incorporate by reference all preceding paragraphs.

3          107.    The allegations contained in Paragraph 107 constitute conclusions of law to which no

4    response is required.

5          108.    The allegations contained in Paragraph 108 constitute conclusions of law to which no

6    response is required.  To the extent a response is required, Federal Defendants deny the

7    allegations.

8          109.    The allegations contained in Paragraph 109 constitute conclusions of law to which no

9    response is required.  To the extent a response is required, Federal Defendants deny the

10   allegations.

11         110.    The allegations contained in Paragraph 110 constitute conclusions of law to which no

12   response is required.  To the extent a response is required, Federal Defendants deny the

13   allegations.

14                          **RELIEF REQUESTED**

15         The remainder of Plaintiffs' complaint consists of Plaintiffs' Prayer for Relief, to which no

16   response is required.  To the extent a response is required, Federal Defendants deny that

17   Plaintiffs are entitled to any of the relief requested in their Prayer for Relief, including each and

18   every subpart, including paragraphs A-E, or to any relief whatsoever.

19                          **GENERAL DENIAL**

20         Federal Defendants deny each and every allegation set forth in Paragraphs 1 through 110

21   unless specifically admitted above.

22                          **AFFIRMATIVE DEFENSES**

23     1.  Plaintiffs fail to state a claim upon which relief can be granted.

24     2.  Venue may be more appropriate in another judicial District.

25   //

26   //

27   //

28

*Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
Fed. Defs' Answer to Compl.                    18

1  Dated: May 2, 2008

2                                        Respectfully submitted,

3
                                         RONALD J. TENPAS
4                                        Assistant Attorney General

5                                        JEAN E. WILLIAMS, Section Chief
                                         LISA L. RUSSELL, Assistant Section Chief
6

7                                        /s/ *Robert P. Williams*
                                         ROBERT P. WILLIAMS, Trial Attorney
8                                        U.S. Department of Justice
                                         Environment & Natural Resources Division
9                                        Wildlife & Marine Resources Section

10                                       *Attorneys for Federal Defendants*

11  OF COUNSEL:

12  Sarah Birkeland
    USDA, Office of the General Counsel
13  33 New Montgomery Street, 17th Floor
    San Francisco, CA 94105

14
    Cheryll Dobson, Assistant Regional Solicitor
15  USDOI, Office of the Regional Solicitor
    Pacific Southwest Region
16  2800 Cottage Way, Room E-1712
    Sacramento, CA 95825

17
    Deanna Harwood
18  NOAA, Office of General Counsel
    501 W. Ocean Blvd., Suite 4470
19  Long Beach, CA  90802

20
                          **CERTIFICATE OF SERVICE**
21
            I hereby certify that on May 2, 2008, I electronically filed the foregoing with the Clerk of
22  Court using the CM/ECF system, which will automatically send email notification to the
    following attorneys of record:
23
    Justin Augustine
24  jaugustine@biologicaldiversity.org

25  Marc D. Fink
    mfink@biologicaldiversity.org

26
                                         /s/ *Robert P. Williams*
27                                       ROBERT P. WILLIAMS

28

    *Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
    Fed. Defs' Answer to Compl.