1  ERIN M. TOBIN (State Bar No. 234943)
   TRENT W. ORR (State Bar No. 77656)
2  Earthjustice
   426 17th Street
3  Oakland, CA 94612
   Tel: (510) 550-6725
4  Fax: (510) 550-6749
   etobin@earthjustice.org; torr@earthjustice.org
5
   *Counsel for Plaintiffs*

6

7

8                    UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                         SAN FRANCISCO DIVISION

10 | CALIFORNIA RESOURCES AGENCY,            ) Case No. 08-1185 MHP
   | CALIFORNIA DEPARTMENT OF                )
11 | FORESTRY AND FIRE PROTECTION,           )
   | PEOPLE OF THE STATE OF CALIFORNIA,      )
12 | *ex rel.* CALIFORNIA ATTORNEY GENERAL   ) **ADMINISTRATIVE MOTION TO**
   | EDMUND G. BROWN JR.,                    ) **CONSIDER WHETHER CASES SHOULD**
13 |                                         ) **BE RELATED**
   |        Plaintiffs,                      )
14 |                                         ) (Civ. L. R. 3-12 & 7-11)
   |    vs.                                  )
15 |                                         )
   | UNITED STATES DEPARTMENT OF             )
16 | AGRICULTURE, EDWARD SCHAFER,            )
   | UNITED STATES FOREST SERVICE,           )
17 | ABIGAIL KIMBELL, and RANDY MOORE,       )
   |                                         )
18 |        Defendants.                      )
   |                                         )
19 |                                         )
   | CENTER FOR BIOLOGICAL DIVERSITY,        ) Case No. 08-1278 MHP
20 | LOS PADRES FORESTWATCH, SIERRA          )
   | CLUB, DEFENDERS OF WILDLIFE,            )
21 | CALIFORNIA NATIVE PLANT SOCIETY,        )
   |                                         )
22 |        Plaintiffs,                      )
   |                                         )
23 |    vs.                                  )
   |                                         )
24 | U.S. FISH AND WILDLIFE SERVICE,         )
   | NATIONAL OCEANIC AND ATMOSPHERIC        )
25 | ADMINISTRATION NATIONAL MARINE          )
   | FISHERIES SERVICE, and U.S. FOREST      )
26 | SERVICE,                                )
   |                                         )
27 |        Defendants.                      )
   |                                         )

28

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED                1

**INTRODUCTION**

Pursuant to Local Rules 3-12 and 7-11, plaintiffs in *Center for Biological Diversity*, *et al. v. U.S. Department of Agriculture*, *et al.*, Case No. C 08-3884 JSW (filed August 14, 2008) ("*Center v. USDA*"), present this Administrative Motion to Consider Whether Cases Should Be Related. In *Center v. USDA*, plaintiffs challenge the United States Forest Service's adoption of revised forest plans for southern California's four national forests.[1] Plaintiffs in *Center v. USDA* request that the Court relate *Center v. USDA* to two actions pending before the Honorable Marilyn H. Patel: *California Resources Agency, et al. v. U.S. Department of Agriculture, et al.*, No. 08-1185 (N.D.Cal. filed Feb. 28, 2008) ("*California v. USDA*") and *Center for Biological Diversity*, *et al. v. U.S. Fish and Wildlife Service, et al.*, No. 08-1278 (N.D.Cal. filed March 5, 2008) ("*Center v. FWS*"). Under Civil Local Rule 3-12, relating *Center v. USDA* to the above-captioned actions is appropriate because the cases involve substantially the same parties, property, and events, and assigning *Center v. USDA* to Judge Patel would be the most efficient use of judicial resources.

Pursuant to Local Rule 7-11, prior to filing this motion counsel for plaintiffs in *Center v. USDA* contacted counsel for the parties involved in *California v. USDA* and *Center v. FWS* regarding their positions on whether *Center v. USDA* is related to those cases. Plaintiffs in both *California v. USDA* and *Center v. FWS* agree that *Center v. USDA* is related to the respective cases. *See* Declaration of Erin M. Tobin in Support of Administrative Motion to Consider Whether Cases Should Be Related ("Tobin Dec."), ¶¶ 2, 4 (filed herewith). Counsel for defendants in *California v. USDA* stated that defendants do not presently have a position on this motion. Tobin Dec. ¶ 2. Counsel for amici in *California v. USDA* stated that amici agree that a cases challenging the same Forest Service action are related, in the absence of any specific objection by amici. Tobin Dec. ¶ 3. Counsel for defendants in *Center v. FWS* were unable to provide defendants' position whether *Center v. USDA* is related to *Center v. FWS*. Tobin Dec. ¶ 4.

---

[1] Plaintiffs in *Center v. USDA* include Center for Biological Diversity, Los Padres ForestWatch, Sierra Club, Defenders of Wildlife, California Native Plant Society, California Wilderness Coalition, and the Wilderness Society.

**STATEMENT OF THE RELATIONSHIP OF THE ACTIONS**

Civil Local Rule 3-12(a) provides that two actions are "related" when: (1) the actions "concern substantially the same parties, property, transaction or event;" and (2) it appears "likely" that there will be an "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L. R. 3-12(a). As so defined, *Center v. USDA* is related to *California v. USDA* and *Center v. FWS*.

**I.    *Center v. USDA* and *California v. USDA* Are Related Because the Actions Involve Substantially the Same Parties, Property, and Events, and Assigning This Case to Judge Patel Is the Most Efficient Use of Judicial Resources.**

In *California v. USDA*, a case currently pending before Judge Patel, the State of California alleges that the Forest Service's adoption of revised forest plans for southern California's four national forests violates federal law because the Forest Service failed to follow various requirements for public disclosure and environmental reporting mandated by the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370f. As defined by Civil Local Rule 3-12, *Center v. USDA* is "related" to *California v. USDA* for the following reasons.

First, *Center v. USDA* and *California v. USDA* involve substantially the same parties. Although the actions involve different plaintiffs, they involve identical defendants: the United States Forest Service, the United States Department of Agriculture, and the responsible official for both agencies.

Second, *Center v. USDA* and *California v. USDA* involve identical property and events. The "property" involved in both actions is southern California's four national forests (the Los Padres, San Bernardino, Angeles, and Cleveland national forests). *Center v. USDA* and *California v. USDA* also involve the same "events" because both actions challenge the Forest Service's decision to adopt revised forest plans for the same four national forests based on claims that the challenged forest plans violate NEPA. In fact, both actions allege similar violations of NEPA, including that the Forest Service failed to consider adequately the environmental impacts of opening up vast roadless areas to development and other environmentally damaging activities, that the Forest Service failed to consider adequately the environmental impacts of designating very few roadless areas for wilderness designation, and that the Forest Service failed to consider a reasonable range of management

alternatives.

Finally, it is likely that conducting the two cases before different judges would be "unduly burdensome," cause "duplication of labor and expense," and risk potentially conflicting decisions concerning similar legal claims and issues. Civil L. R. 3-12(a). Relating *Center v. USDA* and *California v. USDA* would save judicial resources because only one judge would need to become familiar with the same set of underlying facts, and the cases could potentially be consolidated to minimize duplicative briefing of largely overlapping legal claims. Furthermore, if the actions were resolved by different judges there would be a substantial risk of conflicting decisions concerning the same or very similar legal claims.

Accordingly, *Center v. USDA* and *California v. USDA* are related, as defined by Civil Local Rule 3-12. Plaintiffs therefore request that the Court assign *Center v. USDA* to Judge Patel.

**II.    *Center v. USDA* and *Center v. FWS* Are Related Because the Actions Involve Substantially the Same Parties, Property, and Events, and Assigning This Case to Judge Patel Is the Most Efficient Use of Judicial Resources.**

In *Center v. FWS*, a separate action pending before Judge Patel, the plaintiffs Center for Biological Diversity, Los Padres ForestWatch, Sierra Club, Defenders of Wildlife, and California Native Plant Society challenge the Forest Service's failure to consult adequately with the United States Fish and Wildlife Service ("FWS") and the National Marine Fisheries Service ("NMFS") as to the potential impacts of the revised forest plans for the southern California forests on threatened and endangered species, as required by the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544. For the following reasons, *Center v. USDA* is related to *Center v. FWS*.

First, *Center v. USDA* and *Center v. FWS* involve substantially the same parties. All of the plaintiffs in *Center v. FWS* are plaintiffs in *Center v. USDA*. Although *Center v. FWS* includes claims against agencies that are not parties in this action (FWS and NMFS), the Forest Service is a defendant in both actions.

Second, *Center v. USDA* and *Center v. FWS* involve substantially the same property and events. The "property" involved in both actions is the Los Padres, San Bernardino, Angeles, and Cleveland national forests in southern California. In addition, *Center v. USDA* and *Center v. FWS* involve substantially the same "events" because both actions involve the Forest Service's decision to

adopt revised forest plans for the southern California national forests.

Third, it is likely that conducting the actions before different judges will be "unduly burdensome" and cause "duplication of labor and expense," Civil L. R. 3-12(a), because it would require that a second judge become familiar with the same set of underlying facts involved in both *Center v. FWS* and *California v. USDA*. In addition, although *Center v. USDA* raises claims under NEPA and *Center v. FWS* raises claims under the ESA, there is a risk of conflicting decisions if the cases are decided by different judges because resolution of both actions will require that the reviewing court analyze the revised forest plans and the possible effects the forest plans will have on forest resources, including threatened, endangered, and sensitive species and their habitat.

Accordingly, *Center v. USDA* and *Center v. FWS* are related, as defined by Civil Local Rule 3-12. Plaintiffs therefore request that the Court assign *Center v. USDA* to Judge Patel.

**CONCLUSION**

Pursuant to Civil Local Rule 3-12, *Center v. USDA* is related to *California v. USDA* and *Center v. FWS*, as all three actions involve substantially the same parties, property, and events. To avoid unduly burdensome duplication of labor and expense, to conserve judicial resources, and to minimize the potential risk of conflicting judicial rulings, plaintiffs respectfully request that the Court assign *Center v. USDA* to the Honorable Marilyn H. Patel.

DATED:     August 14, 2008

Respectfully submitted,

/s/   Erin M. Tobin
ERIN M. TOBIN
TRENT W. ORR

*Counsel for Plaintiffs*

ERIN M. TOBIN (State Bar No. 234943)
TRENT W. ORR (State Bar No. 77656)
Earthjustice
426 17th Street
Oakland, CA 94612
Tel:  (510) 550-6725
Fax:  (510) 550-6749
etobin@earthjustice.org; torr@earthjustice.org

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA RESOURCES AGENCY, CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* CALIFORNIA ATTORNEY GENERAL EDMUND G. BROWN JR.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, EDWARD SCHAFER, UNITED STATES FOREST SERVICE, ABIGAIL KIMBELL, and RANDY MOORE,<br><br>　　　　Defendants. | Case Nos. 08-1185 MHP<br><br>**DECLARATION OF ERIN M. TOBIN IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| CENTER FOR BIOLOGICAL DIVERSITY, LOS PADRES FORESTWATCH, SIERRA CLUB, DEFENDERS OF WILDLIFE, CALIFORNIA NATIVE PLANT SOCIETY,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>U.S. FISH AND WILDLIFE SERVICE, NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION NATIONAL MARINE FISHERIES SERVICE, and U.S. FOREST SERVICE,<br><br>　　　　Defendants. | Case No. 08-1278 MHP |

DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED                                                                 1

Pursuant to Local Rules 3-12 and 7-11, I, Erin M. Tobin, declare as follows:

1. I represent Center for Biological Diversity, et al., in *Center for Biological Diversity, et al. v. United States Department of Agriculture, et al.*, No. 08-3884 JSW (N.D.Cal. filed August 14, 2008) ("*Center v. USDA*").

2. On July 29, 2008, I contacted counsel for plaintiffs and defendants in *California Resources Agency, et al. v. United States Department of Agriculture, et al.*, No. 08-1185 (N.D.Cal. filed Feb. 28, 2008) ("*California v. USDA*") as to the parties' positions concerning whether *Center v. USDA* is related to *California v. USDA*. Counsel for plaintiffs informed me that plaintiffs agree that the cases are related. On August 5, 2008, counsel for defendants informed me that defendants do not take a position on this motion.

3. On July 30, 2008 and several additional times prior to filing this motion I attempted to contact counsel for amici in *California v. USDA*, California Association of Four Wheel Drive Clubs, et al., as to their position concerning whether *Center v. USDA* is related to *California v. USDA*. On August 7, 2008, counsel for amici informed me of amici's position that, in the absence of any specific objection, amici agrees with the proposition that a challenge to the same final action that is challenged by the State of California in *California v. USDA* would be related to that case.

4. On July 29, 2008, I contacted counsel for plaintiffs and defendants in *Center for Biological Diversity, et al. v. United States Fish and Wildlife Service, et al.*, No. 08-1278 (N.D.Cal. filed March 5, 2008) ("*Center v. FWS*") as to the parties' positions concerning whether *Center v. USDA* is related to *Center v. FWS*. Counsel for plaintiffs agree that the cases are related. As of the date of filing, counsel for defendants were unable to provide plaintiffs with defendants' position concerning whether the two cases are related.

5. Because defendants and amici in *California v. USDA* and *Center v. FWS* have not taken a position as to whether *Center v. USDA* and the respective cases are related, counsel for plaintiffs in *Center v. USDA* could not obtain a stipulation requesting judicial action to relate the cases. Accordingly, a proposed order is filed herewith.

DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED                                                                         2

1   I declare under penalty of perjury that the foregoing is true and correct and within my
2   personal knowledge.

4   DATED:  August 14, 2008

                                        /s/   Erin M. Tobin
                                      ERIN M. TOBIN

DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED     3

ERIN M. TOBIN (State Bar No. 234943)
TRENT W. ORR (State Bar No. 77656)
Earthjustice
426 17th Street
Oakland, CA 94612
Tel: (510) 550-6725
Fax: (510) 550-6749
etobin@earthjustice.org; torr@earthjustice.org

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA RESOURCES AGENCY, CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, PEOPLE OF THE STATE OF CALIFORNIA, ex rel. CALIFORNIA ATTORNEY GENERAL EDMUND G. BROWN JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, EDWARD SCHAFER, UNITED STATES FOREST SERVICE, ABIGAIL KIMBELL, and RANDY MOORE,<br><br>Defendants. | Case No. 08-1185 MHP<br><br>**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Upon consideration of plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related, and any other papers supporting and opposing the motion, IT IS ORDERED that the Administrative Motion to Consider Whether Cases Should Be Related is GRANTED.

DATED: _____
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED