1  RONALD J. TENPAS
   Assistant Attorney General
2  JEAN WILLIAMS, Chief
   ROBERT P. WILLIAMS, Trial Attorney
3  U.S. Department of Justice
   Environment & Natural Resources Division
4  Wildlife & Marine Resources Section
   Ben Franklin Station, P.O. Box 7369
5  Washington, D.C. 20044-7369
   Tel: (202) 305-0206, Facsimile: (202) 305-0275
6  robert.p.williams@usdoj.gov
   *Attorneys for Federal Defendants*

7

UNITED STATES DISTRICT COURT

8 NORTHERN DISTRICT OF CALIFORNIA

9  CENTER FOR BIOLOGICAL DIVERSITY, LOS          )
   PADRES FOREST WATCH, SIERRA CLUB,             )   Case No. 08-cv-01278-MHP
10 DEFENDERS OF WILDLIFE, and CALIFORNIA         )
   NATIVE PLANT SOCIETY,                         )   **FEDERAL DEFENDANTS'**
11                                               )   **RESPONSE TO PLAINTIFFS'**
                   Plaintiffs,                   )   **ADMINISTRATIVE MOTION TO**
12                                               )   **CONSIDER WHETHER CASES**
            v.                                   )   **SHOULD BE RELATED**
13                                               )
   U.S. FISH AND WILDLIFE SERVICE, NATIONAL      )
14 OCEANIC AND ATMOSPHERIC ADMINISTRATION,)
   NATIONAL MARINE FISHERIES SERVICE, and U.S.   )
15 FOREST SERVICE,                               )
                                                 )
16                 Defendants.                   )
   _____)
17 CENTER FOR BIOLOGICAL DIVERSITY, LOS          )
   PADRES FOREST WATCH, SIERRA CLUB,             )
18 DEFENDERS OF WILDLIFE, CALIFORNIA NATIVE      )   Case No. 08-cv-03884-JSW
   PLANT SOCIETY, CALIFORNIA WILDERNESS          )
19 COALITION, and THE WILDERNESS SOCIETY,        )
                                                 )
20                 Plaintiffs,                   )
                                                 )
21          v.                                   )
                                                 )
22 U.S. DEPARTMENT OF AGRICULTURE, EDWARD        )
   SCHAFER, in his official capacity as U.S. Secretary of )
23 Agriculture, U.S. FOREST SERVICE, ABIGAIL     )
   KIMBELL, in her official capacity as Chief of the Forest )
24 Service, and RANDY MOORE, in his official capacity as )
   Regional Forester for the Pacific Southwest Region of the )
25 Forest Service,                               )
                                                 )
26                 Defendants.                   )
   _____)
27

28 *Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
   Fed. Defs' Resp. to Pls' Admin. Mot. to
   Consider Whether Cases Should be Related

Defendants U.S. Fish and Wildlife Service ("FWS"), National Oceanic and Atmospheric Administration and its designee, the National Marine Fisheries Service (hereinafter referred to as "NMFS")), and U.S. Forest Service (collectively "Federal Defendants"), respectfully submit this response to the administrative motion filed by the plaintiffs in *Center for Biological Diversity, et al. v. U.S. Department of Agriculture, et al.*, Case No. 08-cv-3884 JSW (N.D. Cal.), to consider whether that case should be related to the above-captioned case under Local Rules 3-12 and 7-11.

Local Rule 3-12(a) states that an action is related to another when: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

With respect to the "parties, property, transaction or event" prong of the analysis, the above-captioned case and Case No. 08-cv-3884 concern several of the same parties and the same general subject matter – the Forest Service's revised Forest Plans for the Cleveland, Angeles, San Bernardino, and Los Padres National Forests – however the legal issues and the focus of the Court's analysis will be different in each of the two cases. The above-captioned case involves a discrete legal challenge under the Endangered Species Act ("ESA"), 16 U.S.C. § 1536, to the 2005 "Biological and Conference Opinions on the Revised Land and Resource Management Plans for the Four Southern California National Forests" prepared by FWS (the "2005 FWS BiOp"), the 2005 "Biological Opinion" for the Los Padres National Forest and Cleveland National Forest prepared by NMFS (the "2005 NMFS BiOp"), and the Forest Service's decision to rely on those biological opinions analyzing the potential effects of the revised Forest Plans on ESA-listed species. Plaintiffs allege that the FWS and NMFS Biological Opinions include "Incidental Take Statements," which are invalid. Federal Defendants maintain that the programmatic Biological Opinions do not include Incidental Take Statements and that the Biological Opinions are sound, and in compliance with the requirements of the ESA and its

*Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
Fed. Defs'Resp. to Pls' Admin. Mot. to
Consider Whether Cases Should be Related            2

1  implementing regulations.

2        In Case No. 08-cv-3884, the Plaintiffs in the above-captioned case, joined by two

3  additional Plaintiffs – California Wilderness Coalition and The Wilderness Society – bring a

4  challenge against the Forest Service under the National Environmental Policy Act ("NEPA"), 42

5  U.S.C. §§ 4321-4370f, to the four revised National Forest Plans.  Unlike the above-captioned

6  case, FWS and NMFS are not Defendants in Case No. 08-cv-3884.  As Case No. 08-cv-3884

7  involves only claims brought under NEPA, the focus of the Court's analysis will be the Forest

8  Service's environmental impact statement ("EIS"), and determining whether the EIS satisfies the

9  requirements of NEPA and its implementing regulations.  This stands in contrast to the above-

10 captioned case, which will focus on FWS' and NMFS' programmatic biological opinions and

11 whether they comply with the ESA and its implementing regulations.  Because the legal issues

12 will be different in each case, Federal Defendants do not believe that there is a risk of conflicting

13 results if the two cases were to be conducted before different Judges.  However, with regard to

14 duplication of judicial labor, Federal Defendants agree that having both cases heard by the same

15 Judge may prevent some duplication of effort.

16       In light of the foregoing, Federal Defendants not oppose Plaintiffs' request to relate the

17 two cases, provided that doing so does not alter or otherwise affect the scheduling order in place

18 for the above-captioned case (Dckt. No. 19), which includes a schedule for filing the

19 administrative records and cross-motions for summary judgment.  However, given the

20 substantive differences between the two matters, Federal Defendants would oppose

21 consolidation of the two cases.

22 //

23 //

24 //

25 //

26 //

27 //

28 *Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
Fed. Defs'Resp. to Pls' Admin. Mot. to
Consider Whether Cases Should be Related      3

Dated: August 19, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General

JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief

/s/ *Robert P. Williams*
ROBERT P. WILLIAMS, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

*Attorneys for Federal Defendants*

OF COUNSEL:

Sarah Birkeland
USDA, Office of the General Counsel
33 New Montgomery Street, 17th Floor
San Francisco, CA 94105

Cheryll Dobson, Assistant Regional Solicitor
USDOI, Office of the Regional Solicitor
Pacific Southwest Region
2800 Cottage Way, Room E-1712
Sacramento, CA 95825

Deanna Harwood
NOAA, Office of General Counsel
501 W. Ocean Blvd., Suite 4470
Long Beach, CA  90802

*Center for Biological Diversity, et al. v. USFWS, et al.*, Civ. No. 3:08-cv-01278-MHP
Fed. Defs' Resp. to Pls' Admin. Mot. to
Consider Whether Cases Should be Related         4