United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, | No. C-08-1278 EMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO COMPLETE REMAND** |
| v. | |
| UNITED STATES FISH AND WILDLIFE SERVICE, *et al.*, | **(Docket No. 81)** |
| Defendants. | |
| _____/ | |

    Defendants moved for an extension of time to complete the Incidental Take Statement ("ITS") from December 2011 to October 28, 2013. Docket No. 81 ("Motion"). For the reasons set forth below, the Court **GRANTS** Defendants' motion and will extend the deadline to May 13, 2013.

### I. DISCUSSION

    Pursuant to regulations governing the implementation of the Endangered Species Act ("ESA"), an agency has 30 days from a request for consultation to respond. 50 C.F.R. § 402.12(c), (d) (2012). The agency then has 180 days to complete the Biological Assessment unless the agencies agree on a different time period. *Id.* § 402.12(i). Formal consultation must then begin within 90 days unless administratively extended. *Id.* § 402.12(e). Formal consultation must then be completed within 90 days of the date on which initiated, unless a different period of time is mutually agreed upon by the agencies. 16 U.S.C. § 1536(b) (2006). Finally, within 45 days of concluding formal consultation, the Biological Opinion must be delivered to the action agency. Altogether, this process takes approximately 11.5 months, with 135 days to complete the Biological Opinion after

the Biological Assessment is completed. Notably, unlike deadlines in Section 4 listings, deadlines in Section 7 consultation are not mandatory and may be extended as appropriate. 50 C.F.R. § 402.12; 16 U.S.C. § 1536(b).

In the instant case, the Court finds that an extension of time is appropriate because the original 2005 Biological Opinions are outdated. Defendants have identified new species, issued new or revised critical habitat designations, and developed new information regarding many of the impacted species. Motion at 4; Docket No. 81-1 ¶¶ 8-9 ("Metz Decl."). As a result of this new information, Defendants intend to consult new consultations, which would entail new Biological Assessments and Biological Opinions. Motion at 5; Metz Decl. ¶ 11.

Defendants state that writing the Biological Assessment, the first step of the consultation process, will take until December 2012 because of the complexity and scope of the affected Forests, which cover approximately 3.5 million acres. Motion at 5, 8; Metz Decl. ¶ 17. Only then will Defendants be able to complete a Biological Opinion and the accompanying ITS, as an ITS must be based on a valid Biological Opinion. *See Or. Natural Res. Council v. Allen*, 476 F.3d 1031, 1036 (9th Cir. 2007) ("Even a cursory review of the regulations governing formal consultation demonstrates that Incidental Take Statements supplement BiOps, and were not meant to stand alone."). An ITS based on the outdated 2005 Biological Opinion would be insufficient, and the ESA is better served if Defendants complete new and accurate Biological Opinions that will then form the basis of the ITS.

The Court finds that Plaintiffs will not be prejudiced by the delay because of the injunctive relief previously issued by the Court. For example, Plaintiffs argue that allowing an extension to complete the National Marine Fisheries Service ("NMFS") Biological Opinion will harm the endangered steelhead. Any harms to the species will be mitigated by the Court's issuance of injunctive relief, including the implementation of the 2001 incidental take thresholds and a steelhead monitoring and tracking program. Docket No. 59 at 5; Docket No. 87 at 10-11. Thus, an extension of time is appropriate to permit Defendants to complete new consultations.

However, the Court will only extend the remand period to **May 13, 2013** for both the NMFS and Fish and Wildlife Service ("FWS") Biological Opinions. While Defendants have adequately

explained why an extension of time to December 2012 is necessary to complete the Biological Assessments, Defendants have not explained why additional time beyond the 135 days set out in the ESA's regulations for consultation after the completion of the Biological Assessments is necessary. Defendants have simply stated that they can complete NMFS's Biological Opinion by May 13, 2013, 135 days after the Biological Assessments are completed, but have not adequately explained why it is not possible to finish FWS's Biological Opinion by that same date. Accordingly, the Court will require that both Biological Opinions are completed by May 13, 2013. This will keep both Biological Opinions on the same schedule, permitting the agencies to coordinate their work and ensure that the terms and analyses in the Biological Opinion are consistent.

The Court further finds that a bi-monthly status report is unnecessary, and will divert limited agency resources from the consultation process. Instead, the Court will require a status report: (1) when the Forest Service completes the draft Biological Assessments, (2) when FWS and NMFS have reviewed the Biological Assessments and concluded that they are complete, (3) when FWS and NMFS complete the consultations, and (4) when FWS and NMFS complete the Biological Opinions.

## II. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion for an extension of time to complete the Incidental Take Statement to **May 13, 2013**. The Court will also require that Defendants submit status reports as outlined above.

This order disposes of Docket No. 81.

IT IS SO ORDERED.

Dated: March 20, 2012

_____
EDWARD M. CHEN
United States District Judge